*PALFREY vs. KERR & AL.*

 APPEAL from the court of the first district.

Eastern District
*January*, 1830.

PALFREY
*vs.*
KERR & AL.

MARTIN, J. delivered the opinion of the court. The defendants, owners of a steam boat, resisted the plaintiff's claim for damages, resulting from the master having hired, as a hand, a slave of the plaintiff, and carried him out of the state, by pleading the insufficiency of the petition and the general issue. There was a verdict against them, on the latter plea; but the court gave judgment for them on the first, being of opinion, that "the law of the case is against the plaintiff, that the act of the master was an illicit one, not within the scope of his agency, and consequently, the defendants, the owners, were not responsible." From this decision, the plaintiff appealed.

The party, who claims from the owners of a steam boat, for a slave carried away in her, must show, that they could have prevented it.

8ns503
49  493

We have two statutes, that have some bearing on this case. 1 *Moreau's Digest,* 119 & 121. The first provides, that he who hires a slave, without the owner's consent, shall pay a daily compensation, and all damages; and in case of inability to pay, be imprisoned. The second, superadds a fine. Hence, the act is constituted a legal misdemeanor, for which the offender is liable in

PALFREY
*vs.*
KERR & AL.

damages *civiliter*, and condemned to pay a fine to the state. The district court, therefore, did not err, in concluding that, in the present case, "the act of the master was an illicit one."

But the appellee's counsel urges, that, according to the former and present code of this state, (322 *art.* 21 & 2299,) principals are accountable for damages, resulting from the conduct of their agents, when *they might have prevented the act which caused the damage, and have not done it*; and, in the present case, the possibility of the defendants to prevent the act complained of, is neither proved nor alleged.

The appellant's counsel has contended, that his client's claim arises under the merchant or maritime law, not under the new civil code, which professes not to extend to commercial matters, which were left to be regulated by a *code of commerce*, the benefits of which we do not as yet enjoy;—that the new code has recognized partnerships, in boats for the carriage of merchandize, as commercial ones. 2796, 2698. So that we are to be governed, in commercial matters, by the merchant law, as contradistinguished

from the municipal law, embodied in what is called the Louisiana or Civil Code.

We are of opinion, that the parts of the new and former code, which ascertains the liability of principals for the acts of their agents, is not at all controlled by the commercial law, and that the plaintiff cannot recover, because he has not shown, that the defendant could have prevented the acts, from which the damages they claim, are said to have resulted.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Slidell* for the plaintiff, ***Duncan*** for the defendants.